**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6958**

MAURICE BERNARD STEWART, JR.,

Plaintiff - Appellant,

v.

MARYLAND DIVISION OF CORRECTIONS; WARDEN FRANK B. BISHOP, JR.; LIEUTENANT BRADLEY WILT; LIEUTENANT JANET PUFFENBARGER; SERGEANT NICHOLAS J. SOLTAS; NORMA J. HOLWAGER; DETECTIVE SERGEANT SCOTT PETERSON; MARK CARTER; OFFICER BEACHY; CO II JASON FRANTZ,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cv-01287-JFM)

Submitted: November 5, 2019                    Decided: November 13, 2019

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Maurice Bernard Stewart, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Bernard Stewart, Jr., seeks to appeal the district court's order granting summary judgment to the Defendants in his 42 U.S.C. § 1983 (2012) action. The order was entered on February 17, 2017, and Stewart had 30 days to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). Because Stewart is incarcerated, the notice is considered filed as of the date it was delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). In correspondence received by the district court on May 26, 2017, and in his subsequent notice of appeal received by this court on June 24, 2019, Stewart claimed that he timely filed a notice of appeal on February 28, 2017, by giving it to prison officials for mailing in accordance with Rule 4(c)(1). The record does include any earlier notice of appeal or reveal when or if it was given to prison officials for mailing. Accordingly, we remand this case for the limited purpose of allowing the district court to obtain this information from the parties and to determine whether the notice of appeal was timely filed under Rule 4(c)(1) and *Houston v. Lack*. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*